**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDINA KIM, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-08186 |
| v. ) | |
| ) | |
| NANCY R. SNOW, an individual, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO QUIET TITLE AND FOR OTHER RELIEF**

Plaintiff, EDINA KIM, by and through her undersigned attorneys, The Sterling Law Office LLC, states as follows for its Verified Complaint to Quiet Title and for Other Relief against Defendant, NANCY R. SNOW:

**NATURE OF ACTION**

1. This is an action seeking (1) to quiet title to a parcel of real estate in Cook County, Illinois by removing a Memorandum of Judgment filed with the Cook County Clerk, and (2) a money judgment for slander of title.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. §1332(a)(1), as the present matter is a civil action between parties that are citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interests and costs because the value of the property for which Plaintiff seeks to quiet title and the amount of the cloud on title are in excess of $75,000.00.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the property that is the subject of the action is situated within the Northern District of Illinois.

## THE PARTIES

4. Edina Kim ("**Plaintiff**") is an individual who resides in Northbrook, Illinois.

5. Nancy Snow ("**Defendant**") is an individual who resides in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

6. Plaintiff is the legal title holder of the property commonly known as 2464 Hampton Lane, Northbrook, Illinois (the "**Property**"), and Plaintiff is in possession of the Property.

7. The Property is legally described as follows:

LOT 7 IN STONEBROOK EAST SUBDIVISION OF THE WEST 5.0 ACRES (EXCEPT THAT PART THEREOF DEDICATED FOR ROAD PURPOSES) OF THE NORTH ½ OF THE NORTHEAST ¼ OF THE NORTHEST ¼ OF SECTION 20, TOWNSHIP 42 NOTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Permanent Index No.: 04-20-207-039

Property Address: 2464 Hampton Lane, Northbrook, Illinois 60062

8. Plaintiff acquired fee simple title to the Property by a Warranty Deed dated May 10, 2019, recorded in the office of the Cook County Recorder of Deeds on June 5, 2019, as Document No. 1915606043.

9. A true and accurate copy of the recorded Warranty Deed is attached hereto as **Exhibit A**.

10. On November 3, 2023, Defendant caused a Memorandum of Judgment to be recorded against the Property in the office of the Cook County Clerk as Document No. 2330757006.

11. A true and accurate copy of the Memorandum of Judgment recorded against the Property is attached hereto as **Exhibit B**.

12. The Memorandum of Judgment was prepared and obtained by counsel for Defendant Nancy Snow, attorney Reginald Cloyd III ("**Attorney Cloyd**").

13. The Memorandum of Judgment states that "[o]n 9/19/23, judgment was entered in this court in favor of the plaintiff Nancy R. Snow and against defendant Peter J. Huh, whose address is 2464 Hampton Lane, Northbrook IL and 2020 N Old Hicks Rd., A6, Palatine, IL in the amount of $346,151.62."

14. A search of the public records establishes that Peter J. Huh (the "**Judgment Debtor**") was never, at any time, a title holder to the Property.

15. The Judgment Debtor has no title, interest, or claim whatsoever in the Property.

16. Plaintiff, via counsel, notified Attorney Cloyd on multiple occasions that the Judgment Debtor has no ownership interest in the Property and demanded on multiple occasions that Defendant release the unauthorized and improper lien.

17. A true and accurate copy of correspondence sent to Attorney Cloyd via email on July 24, 2024, is attached hereto as **Exhibit C.**

18. On August 28, 2024, after being advised by Barnes & Thornburg that it no longer represented Defendant, and that she was currently being represented by Dibora Berhanu and Ogonna Brown of the Las Vegas, Nevada law firm of Lewis Roca Rothgerber Christie, Plaintiff, via counsel, notified Defendant again via her new counsel that the Judgment Debtor has no ownership interest in the Property and demanded again that Defendant release the unauthorized and improper lien.

19. To date, Defendant has failed to remove the Memorandum of Judgment as a cloud on title to the Property.

**COUNT I**
**ACTION TO QUIET TITLE**

20. Plaintiff repeats and realleges Paragraphs 1 through 19 of this Complaint as though fully set forth herein as Paragraph 20 of Count I.

21. Defendant claims a lien on the Property through the Memorandum of Judgment.

22. The Memorandum of Judgment has been recorded against Plaintiff's Property, in which the Judgment Debtor has no property interest.

23. The Memorandum of Judgment is an unlawful and fraudulent cloud on the title of Plaintiff.

24. As legal owner of the Property, Plaintiff seeks a declaration that the Memorandum of Judgment is null and void, and of no force and effect.

WHEREFORE, Plaintiff Edina Kim requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant Nancy Snow finding and declaring that the Memorandum of Judgment constitutes an unlawful and fraudulent cloud on Plaintiff's title to the Property and, as such, is illegal and null and void;

B. Enter judgment in favor of Plaintiff and against Defendant Snow finding and declaring title in Plaintiff's name in fee simple, free and clear of the Memorandum of Judgment;

C. Execute a judicial release to be recorded with the Cook County Clerk;

D. Award Plaintiff her damages as a result of Defendant Snow's improper clouding of title on her Property, including attorneys' fees and costs incurred to remove the improper cloud on title, which continue to accrue; and

E. Grant Plaintiff such other and further relief as this Court deems just and equitable under the circumstances.

## COUNT II
## SLANDER OF TITLE

25. Plaintiff repeats and realleges Paragraphs 1 through 23 of this Complaint as though fully set forth herein as Paragraph 25 of Count II.

26. The recording of the Memorandum of Judgment disparaged Plaintiff's title to, and protected interest in, the Property.

27. Defendant caused the Memorandum of Judgment to be published, communicated, and disseminated to third parties by recording the Memorandum of Judgment with the Cook County Clerk.

28. A search of the public records establishes that the Judgment Debtor was never a title holder to the Property, and no legal justification existed for recording the Memorandum of Judgment against the Property.

29. Therefore, at the time Defendant caused the Lien to be recorded, she acted with malice because she either knew there was no basis to cloud title on the Property or demonstrated a reckless disregard causing the Memorandum of Judgment to be recorded as a cloud on title on the Property.

30. Defendant Snow's malicious intent was further indicated by the fact that she maintained the Memorandum of Judgment as a cloud on title after receiving notice and demand via her attorney to remove the cloud on title.

31. Under 720 ILCS 5/32-13, the recording of the Memorandum of Judgment against Plaintiff's Property also constitutes unlawful clouding of title, which is a Class 4 felony if the cloud on the title has a value that exceeds $10,000.

32. Plaintiff has suffered damages as a result of Defendant's slanderous clouding of title on her Property, including attorneys' fees and costs incurred to remove the improper cloud on title, which continue to accrue.

WHEREFORE, Plaintiff Edina Kim requests that this Court enter judgment in her favor and against Defendant Nancy R. Snow in the amount of damages suffered by Plaintiff as a result of the slander, such other and further relief as this Court deems just and proper under the circumstances.

                Respectfully submitted,

                EDINA KIM

                By: /s/ Kevin A. Sterling
                      One of her Attorneys

Kevin A. Sterling (kevin@thesterlinglaw.com)
Laura Newcomer Cohen (laura@thesterlinglaw.com)
THE STERLING LAW OFFICE LLC
112 Sangamon Street, Suite 101
Chicago, Illinois 60654
(312) 670-9744



**UNOFFICIAL COPY**

FIRST AMERICAN TITLE
FILE # 39 0054

Doc#. 1915606043 Fee: $98.00
Edward M. Moody
Cook County Recorder of Deeds
Date: 06/05/2019 11:24 AM Pg: 1 of 2

**WARRANTY DEED**

Dec ID 20190501681938
ST/CO Stamp 2-129-829-792 ST Tax $615.00 CO Tax $307.50

MAIL TO:
Wallace K. Moy
53 West Jackson Boulevard, Ste. 1564
Chicago, Illinois 60604

NAME & ADDRESS OF TAXPAYER:
Edina Kim
2464 Hampton Lane
Northbrook, Illinois 60062

GRANTOR(S), Walter L. Kowalski, as Trustee under the provisions of a Trust Agreement dated March 07, 2000 and known as the Walter L. Kowalski Revocable Trust, as to an undivided 1/2 interest and Mary Kowalski, as Trustee under the provisions of a Trust Agreement dated March 07, 2000 and known as the Mary Kowalski Revocable Trust, as to an undivided 1/2 interest, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration in hand paid, CONVEY(S) and WARRANT(S) to the GRANTEE(S), Edina Kim, of 1937 Western Avenue, Northbrook, in the County of Cook, in the State of Illinois, the following described real estate:

LOT 7 IN STONEBROOK EAST SUBDIVISION OF THE WEST 5.0 ACRES (EXCEPT THAT PART THEREOF DEDICATED FOR ROAD PURPOSES) OF THE NORTH 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 20, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Index No: 04-20-207-039

Property Address: 2464 Hampton Lane, Northbrook, Illinois 60062

SUBJECT TO: (1) General real estate taxes for the year 2018 and subsequent years. (2) Covenants, conditions and restrictions of record. GRANTOR(S) hereby release and waive all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

DATED this 10 day of May, 2019.

_Walter L. Kowalski_
Walter L. Kowalski, trustee

_Mary Kowalski_
Mary Kowalski, trustee

WARRANTY DEED - Page 1

**EXHIBIT A**

# UNOFFICIAL COPY

STATE OF **ILLINOIS** )
                           ) SS
COUNTY OF **COOK** )

I, the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY that **Walter L. Kowalski** and **Mary Kowalski**, personally known to me to be the same person(s) whose name(s) is/are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed, sealed and delivered the said instrument as his/her/their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and notary seal, this 10th day of May, 2019.

_Cathryn W. Richardson_
Notary Public

My commission expires: **Oct. 8, 2022**

CATHRYN W RICHARDSON
Official Seal
Notary Public - State of Illinois
My Commission Expires Oct 8, 2022

COUNTY - ILLINOIS TRANSFER STAMPS
Exempt Under Provision of
Paragraph ___ Section 4,
Real Estate Transfer Act
Date: _____

Prepared By:
Steven G. Evans
1627 Colonial Parkway
Palatine, Illinois 60067

Signature: _____

WARRANTY DEED - Page 2

**UNOFFICIAL COPY**

Doc# 2330757006 Fee $73.00

RHSP FEE:$18.00 RPRF FEE: $1.00
KAREN A. YARBROUGH
COOK COUNTY CLERK
DATE: 11/03/2023 10:41 AM PG: 1 OF 2

3315 Memorandum of Judgment                                    12/01/20) CCG 0015

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Nancy R. Snow, an individual

v.                                     Case No. 2023L050425

Peter J. Huh, an individual

### MEMORANDUM OF JUDGMENT

On 9/19/23, judgment was entered in this court in favor of the plaintiff Nancy R. Snow and against defendant Peter J. Huh whose address is 2464 Hampton Lane, Northbrook, IL and 2020 N Old Hicks Rd., A6, Palatine, IL in the amount of $ 346,151.62.

**FILED**
OCT 31 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED: Associate Judge James E. Hanlon, Jr.
Dated: OCT 31 2023
Circuit Court-2216

_____  _____
Judge                      Judge's No.

Atty. No.: 32715(firm)
Atty Name: Reginald Cloyd III
Atty. for: Nancy R. Snow
Address: 1 N. Wacker Dr., Suite 4400
City: Chicago
State: IL  Zip: 60606
Telephone: 312-357-1313
Primary Email: reginald.cloyd@btlaw.com

I hereby certify that the document to which this certification is affixed is a true copy.
IRIS Y. MARTINEZ  NOV 03 2023
IRIS Y. MARTINEZ
Clerk of the Circuit Court
of Cook County, IL

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

**EXHIBIT B**

2330757006 Page: 2 of 2

**UNOFFICIAL COPY**

### LEGAL DESCRIPTION

LEGAL DESCRIPTION: LOT 7 IN STONEBROOK EAST SUBDIVISION OF THE WEST 5.0 ACRES (EXCEPT THAT PART THEREOF DEDICATED FOR ROAD PURPOSES) OF THE NORTH 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 20, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

PIN: 04-20-207-039-0000

Property Address: 2464 Hampton Ln, Northbrook, Illinois 60062

Property of Cook County Clerk's Office



Joseph R. Napoli II, Esq.<br>
jnapoli@beermannlaw.com

July 24, 2024

Mr. Reginald Cloyd III
**VIA EMAIL**: reginald.cloyd@btlaw.com
Barnes & Thornburg LLP
Reginald Cloyd III
1N. Wacker Drive, Suite 4400
Chicago, Illinois 60606

*Re: Nancy Snow: Demand for Removal of Lien on 2464 Hampton Lane, Northbrook, IL*

Mr. Cloyd:

Per our telephone conversation several weeks ago (and again today), I represent Ms. Edina Kim in her dissolution of marriage matter against her husband, Mr. Peter Huh. During our conversations, I advised you of a lien (a copy of which is attached) you recorded against my client's property (i.e., 2464 Hampton Lane, Northbrook, Illinois) – as well as a belief that you and your client had no legal basis to record same.

Indeed, Ms. Edina Kim is not named as a party to the lawsuit in connection with your lien; she is not a debtor to your client; and she does not own any real estate with the individual against who your claims are sought - which can be confirmed via title search. Yet, despite this, Ms. Kim's solely owned property has been encumbered by a lien in which she is not involved - for the past nine (9) months, or since November 3, 2023.

The presence of this unwarranted lien has caused significant distress and financial harm to my client, including attorneys' fees incurred in addressing this issue on multiple occasions. As such, **I am formally demanding the immediate removal of the unauthorized and improper lien (Case number 2023 L 050425) filed against my client's property, which I am asking be done by the end of business on July 26, 2024.**



EXHIBIT C

Mr. Reginald Cloyd III
July 24, 2024
Page 2

      Should this issue remain unresolved after July 26, 2024, my client will proceed accordingly, which includes availing herself of all remedies afforded to her by law.

      Thank you for your prompt attention to this serious issue. I look forward to hearing from you with an eye toward resolution. Thank you, Mr. Cloyd.

                        Very Truly Yours,
                        BEERMANN LLP

                        Joseph R. Napoli II

Cc:    Edina Kim
        Britnee Hart